Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005596
30-MAY-2014
08:02 AM

NO. CAAP-13-0005596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CONTINENTAL PACIFIC, LLC, by their Managing Agent,
ELITE PACIFIC PROPERTIES, LLC, LEX SMITH and
CYNTHIA M. NOJIMA, Plaintiffs-Appellees,
v.
GLEN D. MAGHANOY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(DC CIVIL NO. 1RC12-1-9923)

ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon consideration of "Appellees' Second Motion to Dismiss Appeal Based Upon the Mootness Doctrine," filed on May 13, 2014, by Plaintiffs-Appellees Continental Pacific, LLC, by their Managing Agent Elite Pacific Properties, LLC; Lex Smith; and Cynthia M. Nojima (**Appellees**), the attachments thereto, Defendant-Appellant Glen D. Maghanoy's (**Appellant's**) May 16, 2014 opposition, and the files and record herein, it appears that Appellant's appeal from the District Court of the First Circuit's (**district court's**) October 25, 2013 order denying his "Motion to Dismiss Defendant's Eviction on Grounds of Retaliatory Eviction and Unclean Hands"; November 7, 2013 Judgment for Possession; and November 20, 2013 order denying "Defendant(s)' Motion to set

aside verdict &/or stay writ of possession" is moot given that Appellant has vacated the property and the lease was terminated, and no exception to the mootness doctrine applies. See Wong v. Bd. of Regents, Univ. of Hawai'i, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980); Hamilton ex rel. Lethem v. Lethem, 119 Haw. 1, 5, 193 P.3d 839, 843 (2008).

In addition, it appears that this court lacks jurisdiction over Appellant's appeal from the following district court orders, from which he purports to appeal in his May 13, 2014 Second Amended Notice of Appeal:

(1) December 9, 2013 "Order Denying Defendant's Supplemental Motion to Disqualify Judge Ganges [sic], Filed November 22, 2013";

(2) January 13, 2014 oral denial of Appellant's motion to disqualify District Court Judge Paul B.K. Wong;

(3) January 15, 2014 Order Dismissing Plaintiffs' Remaining Claims;

(4) February 12, 2014 Garnishee Order; and

(5) March 11, 2014 Garnishee Order.

The Second Amended Notice of Appeal is untimely. See Enos v. Pacific Transfer & Warehouse, Inc., 80 Hawai'i 345, 355-56, 910 P.2d 116, 126-27 (1996) (internal quotation marks and citation omitted) ("[A]n amended notice of appeal relates back to the notice of appeal it purports to amend" and "does not appeal an order . . . entered subsequent to the notice of appeal it purports to amend"); Hawai'i Rules of Appellate Procedure Rule 4(a)(1).

IT IS HEREBY ORDERED that the motion is granted. The appeal from the October 25, 2013 order denying Appellant's "Motion to Dismiss Defendant's Eviction on Grounds of Retaliatory Eviction and Unclean Hands"; November 7, 2013 Judgment for Possession; and November 20, 2013 order denying "Defendant(s)' Motion to set aside verdict &/or stay writ of possession" is dismissed as moot.

IT IS FURTHER ORDERED that the appeal from the December 9, 2013 "Order Denying Defendant's Supplemental Motion to Disqualify Judge Ganges [sic], Filed November 22, 2013"; January 13, 2014 oral denial of Appellant's motion to disqualify District Court Judge Paul B.K. Wong; January 15, 2014 Order Dismissing Plaintiffs' Remaining Claims; February 12, 2014 Garnishee Order; and March 11, 2014 Garnishee Order is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that any pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, May 30, 2014.

Presiding Judge

Associate Judge

Associate Judge